UNITED STATES DISTRICT COURT  Case: 1:14-cv-02241 (SLT)(VMS)
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WILLIAM PROTIN &
JAMES HOBAN                                          **AMENDED COMPLAINT**

                Plaintiffs,                     PLAINTIFF'S DEMAND
                                                     TRIAL BY JURY
      -against-

THE CITY OF NEW YORK,
MICHAEL SALUZZI (Shield #18499) &
CHRISTOPHER DREW (Shield #01886)


                Defendants.
------------------------------------------------------------X

      Plaintiffs WILLIAM PROTIN & JAMES HOBAN, by and through their attorney, Paul Hale, Esq. 26 Court St. Ste 913 Brooklyn, NY 11242, complaining of the Defendants, The City of New York, MICHAEL SALUZZI (Shield #18499), CHRISTOPHER DREW (Shield #01886), collectively referred to as the Defendants, upon information and belief allege as follows:

### JURISDICTION AND VENUE

1. Jurisdiction over these claims is conferred upon this Court pursuant to 28 U.S.C. § 1331 and § 1343(a)(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the Plaintiffs by the First, Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States.

2. This case is being brought pursuant to 42 U.S.C. § 1983. Jurisdiction supporting Plaintiffs' claims for attorneys' fees is conferred by and brought pursuant to 42 U.S.C. § 1988.

3. All causes of action not relying exclusively on the aforementioned federal and state causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental

jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of Plaintiffs' federal claims are identical to the events, parties, transactions, and injuries that form the basis of Plaintiffs' claims under applicable State and City laws.

4. As the deprivation of rights complained of herein occurred within the county of Kings in the State of New York.

## NATURE OF THE ACTION

5. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, § 1988 [and § 1985], [and arising under the law and statutes of the State of New York].

6. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the negligence of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting plaintiff.

## PARTIES

7. WILLIAM PROTIN is a citizen of the United States, resides in New York, and is a resident of the State of New York.

8. JAMES HOBAN is citizen of the United States, resides in New York, and is a resident of the State of New York.

9. At all times relevant to this action, Defendant CHRISTOPHER DREW (Shield #01886) was a police officer with the City of New York Police Department and acting under color of state

law.  He is being sued in both his individual and official capacity.

10. At all times relevant to this action, Defendant MICHAEL SALUZZI (Shield #18499) was a police officer with the City of New York Police Department and acting under color of state law.  He is being sued in both his individual and official capacity.

11. At all times relevant to this action, Defendants Police Officers are and were officers of the City of New York Police Department and acting under color of state law.  Said officers are being sued in both their individual and official capacities.

12. The Defendant, City of New York, is a municipality in the State of New York and employs the Defendants Police Officers.

13. The Defendants Police Officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the Defendants Police Officers' acts as described above.

## FACTUAL BACKGROUND

14. On or about 7/7/2013, at approximately 02:29 am., WILLIAM PROTIN was leaving his boat.  His boat is docket near the North East Corner of W. 78th St and Neptune Ave. in Brooklyn, NY.

15. As MR. PROTIN was approaching his car P.O. SALUZZI approached him and immediately handcuffed MR. PROTIN.  The officer then stated "You just won the lottery."

16. MR. PROTIN was then searched by the officer.  During the search P.O. SALUZZI took the keys to MR. PROTIN'S car without his permission.

17. P.O. SALUZZI then unlocked MR. PROTIN'S car without his permission.

18. MR. HOBAN was in the back of MR. PROTIN'S car sleeping with the permission of MR. PROTIN.

19. P.O. DREW dragged MR. HOBAN out of the back of the car by his hair with enough force to knock his shoes off.   The assault also broke MR. HOBAN'S glasses.

20. MR. HOBAN was then handcuffed and placed under arrest.

21. P.O. DREW then illegally searched MR. PROTIN'S car.   No contraband was found.

22. Both plaintiffs were transported to a nearby police precinct.

23. MR. HOBAN was issued a summons for disorderly conduct and released from the precinct. His ticket was fully dismissed.

24. MR. PROTIN was charged with disorderly conduct and spent approximately 24 hours in custody.  All charges were dropped against MR. PROTIN on 9/19/2013 after numerous court appearances.

25. MR. HOBAN sustained injuries to his wrists from excessively tight handcuffs and scrapes and abrasions to his entire body.

26. At no time did Plaintiffs commit any offense against the laws of New York City and or State for which an arrest may be lawfully made.

27. As a direct and proximate result of Defendants' actions, Plaintiffs suffered and continue to suffer injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish and unwarranted severe anger bouts some or all of which may be permanent.

28. The unlawful arrest of Plaintiffs, Plaintiffs' wrongful imprisonment because of Defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

29. As a direct and proximate result of their unlawful detention, assault and confinement, Plaintiffs have lived in terror of their attack, and continue to suffer from nightmares, are fearful of going outside and when they see the police, suffer various emotional attacks and

have been unable to function normally, which has caused a severe strain and breakdown in their personal relationships both in and outside of their homes.

30. As a direct and proximate result of Defendants' actions, Plaintiffs were arrested and detained without just or probable cause.

31. As a direct and proximate result of Defendants' actions, Plaintiffs were deprived of rights, privileges and immunities under the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

32. Defendants City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the Defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including Defendants in this case, to engage in unlawful conduct.

33. Defendants City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the Defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including Defendants in this case, to engage in unlawful conduct.

34. The actions of Defendants, acting under color of State law, deprived Plaintiffs of their rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in their person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

35. By these actions, Defendants have deprived Plaintiffs of rights secured by the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

36. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## AS A FIRST CAUSE OF ACTION:
### 42 U.S.C Section 1983–Fourth, Eighth and Fourteenth Amendments–against all Defendants

37. Plaintiffs hereby restate all paragraphs above of this Complaint as if fully set forth here.

38. By detaining and imprisoning Plaintiffs, without justification, probable cause or reasonable suspicion, using excessive force, and assaulting them, the Defendants deprived Plaintiffs of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

39. The Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiffs of their constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

40. As a direct and proximate cause of the acts of the Defendants, Plaintiffs suffered the following injuries and damages:

      A. Arrests not based upon probable cause;

      B. Unwarranted and malicious criminal prosecutions;

      C. Deprivations of liberty without due process of law;

      D. Excessive force imposed upon them;

  E. Summary punishment imposed upon them; and

  F. Denial of equal protection under the law.

41. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages herein before stated.

## AS A SECOND CAUSE OF ACTION:
### 42 U.S.C Section 1983–Retaliation in Violation of First Amendment against all Defendants

42. Plaintiffs hereby restates all paragraphs above of this Complaint as if fully set forth here.

43. Plaintiffs was engaging in constitutionally protected activity, including but not limited to his discussions and exchanges with the Defendants Police Officers for their objectionable conduct.

44. Plaintiffs' speech was an inquiry related to objectionable police conduct, which is a matter of important public concern.

45. Motivated in whole or in part by Plaintiffs' protected verbal opposition to their conduct and/or the substance or style of his communications with them, Defendants searched, seized, and forcibly arrested Plaintiffs.

46. Defendants Police Officers' adverse actions in retaliation for Plaintiffs' expressed intention of exercising his first amendment rights and inquiring about objectionable police conduct caused Plaintiffs to suffer economic, physical and emotional injuries.

47. Defendants' actions, as described herein, were undertaken intentionally, willfully and wantonly.

48. Defendants Police Officers' conduct violated clearly established rights belonging Plaintiffs, of which reasonable law enforcement knew or should have known.

49. The acts or omissions of each of the Police Officer Defendants, including the unconstitutional policy, procedure, custom and/or practice described herein, were the legal

and proximate cause of Plaintiffs' damages.

## AS A THIRD CAUSE OF ACTION:
*Monell* claim[1]

50. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

51. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

**WHEREFORE**, Plaintiffs respectfully request judgment against the Defendants as follows:

1. On the First Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988.

2. On the Second Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988.

3. On the Third Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988, and

---

[1] *Monell v. City of New York Department of Social Services,* 436 U.S. 658

4. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated: Brooklyn, NY
       12/12/2014

By: _____/s/_____
Paul Hale, Esq.
26 Court St. Ste. 913
Brooklyn, NY 11242
(718) 554-7344